IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HELM, *et al.*

    Plaintiffs,

v.

ALDERWOODS GROUP INC.,

    Defendant.

No. C 08-01184 SI

**ORDER RE: MOTION TO SEVER**

On July 15, 2011, the Court heard argument on defendant's motion to sever and dismiss. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**BACKGROUND**

The subject of this litigation is a wage and hour dispute brought by current and former employees of Alderwoods Group, Inc. ("Alderwoods"), a provider of funerary services. As set forth in detail in this Court's July 29, 2009 Order (Docket No. 174), this action originated with a complaint filed in the United States District Court for the Western District of Pennsylvania, *Prise, et al. v. Alderwoods Group, Inc.*, et al., No. 06-1641. That complaint originally included both state law claims and federal claims under the Fair Labor Standards Act ("FLSA") against Alderwoods and several other related defendants. The district court in *Prise* declined to exercise supplemental jurisdiction over plaintiffs' state law claims, leaving only the FLSA claims. The dismissal of the state law claims resulted in the filing of a class action complaint in the Alameda County Superior Court on December 5, 2007 entitled *Helm, et al. v. Alderwoods Group Inc., et al.*, alleging state law wage and hour claims against

Alderwoods.[1] On February 27, 2008, defendants removed the action to federal court, invoking this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d).

On December 29, 2009, the Court denied plaintiffs' first motion for class certification. Shortly thereafter, defendant filed a motion to sever, arguing that the dozens of named plaintiffs in the case were improperly joined. The Court denied the motion as premature, because plaintiffs intended to file a renewed motion for class certification. On March 9, 2011, the Court denied plaintiffs' renewed motion for class certification. On April 4, 2011, defendant filed a renewed motion to sever.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 20 provides that multiple plaintiffs may join in a single action if (1) they assert a right to relief that arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) they raise "any question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1). "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see also* Fed. R. Civ. P. 21 ("[T]he court may at any time . . . sever any claim against a party."). Even if the permissive joinder requirements are met, the court may sever to avoid delay, jury confusion, or prejudice to the moving party. Fed. R. Civ. P. 20(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

---

[1] Plaintiffs have dismissed their claims against all defendants originally named in this case other than Alderwoods Group, Inc. A related case, *Bryant v. Service Corporation International*, No. 08-1190, was brought in this Court against the entity that purchased Alderwoods in 2006. That case is now closed.

[2] In a declaration attached to its renewed motion to sever, defendant lists 102 individuals that it asserts are essentially named plaintiffs. Decl. in Supp. of Mot. to Sever (Doc. 298), Ex. 1. Defendant explains that this list is "compiled based upon the appendices to the plaintiffs' Second Amended Complaint and excerpts of the Court's Docket." *Id.* ¶ 1. Plaintiffs argue that there are only 86 named plaintiffs, as 86 individuals are named as plaintiffs in the caption and appendices to the plaintiffs' Second Amended Complaint. *See* 2d Am. Compl. (Doc. 177), Appxs. A & B. As defendant does not explain what "excerpts of the Court's Docket" provided defendant with the names of an additional 16 "plaintiffs," the Court accepts plaintiffs' number.

**DISCUSSION**

The parties agree that severance is appropriate in this case, and the Court agrees. The question presented by this motion is what it means to sever the claims of each plaintiff in this case, and what should happen to those severed claims. Defendant argues that the Court should dismiss all claims except for those of the first named plaintiff, William Helm. Defendant argues that there is no other permissible course of action for the Court, because the severed plaintiffs' claims constitute new civil actions, this Court and all other federal courts lack subject matter jurisdiction over them, and they were not removed from state court and therefore cannot be remanded. Plaintiff argues that the Court retains CAFA jurisdiction over not just plaintiff Helm's claims, but over all of the claims, and that the Court should transfer the claims of those plaintiffs who do not reside in the Northern District of California to the federal district courts where the plaintiffs reside.[3]

**I.  Severance**

Rule 21 states that "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Due to the number of named plaintiffs, the fact that the plaintiffs worked in different job positions in different offices in different states, and the fact that plaintiffs raise only state law claims, severance of the claims of each of the different plaintiffs is appropriate. The question for the Court becomes what to do having severed the claims.

In *Coughlin*, the Ninth Circuit explained that after severing plaintiffs, "the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs 'against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint.'" *Coughlin*, 130 F.3d at 1350 (quoting *Aaberg v. ACandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994)). There is no indication that dismissal is the *only*

---

[3] Before the hearing on this motion, the Court issued an Order to the parties indicating the Court's preliminary view, that while severance is necessary, dismissal of the many plaintiffs' claims is not required and would be unduly prejudicial at this late stage of litigation. *See* Doc. 314. The Court asked the parties to be prepared to discuss several questions regarding jurisdiction, transfer, and remand; and to be prepared to inform the Court as to their preferred resolutions. *Id.*

proper course of action, however. It may be more accurate to describe what happened in *Coughlin* as a district court dropping parties rather than severing claims. *Coughlin* itself labels the dismissed plaintiffs "dropped plaintiffs," and relies on a case, *Aaberg*, where plaintiffs were dropped.

Rule 21 contemplates both flexibility in curing misjoinder, and consideration of what constitutes "just terms" when doing so. *See* Fed. R. Civ. P. 21. In *Anrig v. Ringsby United*, 603 F.2d 1319, 1325 (9th Cir. 1979), the Ninth Circuit held that, in that particular case, the district court was required to consider severing certain parties and then either transferring or dismissing the severed parties pursuant to Rule 21. Here, it would not be "just" to drop the named plaintiffs at this late stage of litigation, no matter the "terms" of the Court's order. Rather, the appropriate action for the Court is to sever the *claims* of the different plaintiffs. Then, having severed the claims of the different plaintiffs, the Court must determine whether to dismiss the severed claims, retain the severed claims, or transfer the severed claims to another district court.

Before the answering that question, however, the Court must determine whether it continues to have subject matter jurisdiction over some or all of the claims.

## II. Jurisdiction

The parties agree that the only basis for subject matter jurisdiction over the case prior to severance is CAFA, and that the only possible basis for subject matter jurisdiction after severance is also CAFA. In *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010), the Ninth Circuit held that where a district court has subject matter jurisdiction under CAFA, subsequent denial of class certification does not divest district court jurisdiction. The question for the Court is whether the Court retains CAFA jurisdiction over the severed claims. This is a matter of first impression.

Plaintiffs argue that if the Court retains CAFA jurisdiction over plaintiff Helm's claims, then it retains CAFA jurisdiction over the claims of the 85 other named plaintiffs. The Court agrees. There is a "usual and long-standing principle[]" that "post-filing developments do not defeat [subject matter] jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel*, 602 F.3d at 1091–92. The Ninth Circuit explained in *United Steel* that this principle applies where a CAFA class is not certified. Here, the Court's CAFA jurisdiction was not merely over plaintiff Helm's claims, but,

4

independently, over all named plaintiffs' claims. After denying plaintiffs' renewed motion for class certification, the Court retained CAFA jurisdiction over the claims of each of the named plaintiffs in this action. The severance of those claims does not now defeat the Court's jurisdiction.

Defendant cites *Honeywell Intern., Inc. v. Phillips Petroleum Co.*, 415 F.3d 429 (5th Cir. 2005), to argue that the Court must treat the severed claims as though they are new lawsuits first filed at the time of severance, and assess its subject matter jurisdiction over the claims in isolation both from each other and from the case's history. However, *Honeywell* stands for the proposition that where subject matter jurisdiction over some of the claims pled in the original suit was *dependent* on the presence of other parties or claims in the suit, such as when a district court exercised supplemental jurisdiction over state law claims or counterclaims, the district court might no longer have subject matter jurisdiction over those dependent claims once they are severed. *See United States v. O'Neil*, 709 F.2d 361, 375 (5th Cir. 1983) (looking for "an independent jurisdictional basis" over severed counterclaims); *see also* 28 U.S.C. § 1367 (providing that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims *in the action* within such original jurisdiction that they form part of the same case or controversy" (emphasis added)).

Here, the Court had CAFA jurisdiction not only over plaintiff Helm's claim, but over the claims of all of the individual named plaintiffs. Although the amount in controversy in this case was determined as of the time of the filing of the suit and on the basis of the value of the suit if certified as a class action, the fact that no class was certified and that the individual claims are worth less than $5 million did not subsequently defeat the Court's subject matter jurisdiction over any of the individual plaintiffs' claims. This is the holding of *United Steel*. The Court's CAFA jurisdiction over the claims of each plaintiff was independent of its jurisdiction over the claims of each other plaintiff, and there is no need for the Court to look for a new basis for subject matter jurisdiction over the claims once severed.[4]

---

[4] Severance can also be used to cure jurisdictional defects. *See, e.g., C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F.3d 226 (4th Cir. 2002) (holding that district court did not abuse its discretion in remedying lack of complete diversity by vacating existing judgment, dividing lawsuit into two cases, and entering judgment in favor of lessors in each of the cases). However, this is not a reason to find that severance divests a district court of subject matter jurisdiction over the severed claim

5

## III. Venue

Plaintiffs have requested that the Court transfer the claims of plaintiffs residing in locations other than the Northern District of California to the federal district courts where those plaintiffs reside, pursuant to 28 U.S.C. § 1404(a). *See also Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Defendant argues that even if the Court retains jurisdiction over the claims, plaintiffs should be required to file independent motions to transfer, and that plaintiffs in any event have not requested the appropriate venue for any plaintiffs who worked for defendant in a different federal district from where they now live.

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of 28 U.S.C. § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Factors a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis . . . [as is] the relevant public policy of the forum state, if any . . . .

*Id.* at 498–99.

Although defendant opposes transfer, it does not argue that venue is proper in the Northern District of California, or that venue is improper in the districts proposed by plaintiffs. It does not argue it did not do business in the requested venues, that it is not subject to personal jurisdiction in those venues, or that it would have any difficulty defending the actions in those venues. Nor does defendant

---

or claims where it had an independent basis for subject matter jurisdiction over those claims when they were joined together in the original suit.

6

propose alternate venues that might be more appropriate. Rather, defendant argues that plaintiffs have not carried their burden to demonstrate that venue is proper in the proposed transferee courts.

This case was filed nearly three and one half years ago, and the Court finds that it is in the interest of justice to transfer venue rather than dismiss the claims of those plaintiffs who do not reside in the Northern District of California. *See Goldberg v. Wharf Constructors*, 209 F. Supp. 499, 508 (N.D. Ala. 1962). Defendant is a corporation doing business throughout the United States, and defendant employed plaintiffs throughout the United States. The venues proposed by plaintiffs are the locations where they reside, and therefore they are more likely to be the locations where the plaintiffs were employed, where any relevant agreements were negotiated, and where the causes of action in this case ripened. The proposed district courts are more likely to be familiar with the applicable state employment laws. As between the Northern District of California and the venues proposed by plaintiffs for the transfer of their severed claims, the venues proposed by plaintiffs are the more appropriate forums.

**CONCLUSION**

For the foregoing reasons and for good cause shown, defendant's motion to sever and dismiss is GRANTED IN PART and DENIED IN PART. (Doc. 297.)

The claims of each named plaintiff are ordered SEVERED.

The claims of William Helm remain pending in this case. Plaintiff Helm is ORDERED to file an amended complaint **by 5:00 p.m. on Friday, August 19, 2011**.

The severed claims of the plaintiffs Robert Chernetsky and Robert Idemoto remain pending in this Court. The clerk of the court SHALL assign to each plaintiff a new case number. The Court finds that the claims of these plaintiffs are related to the claims of plaintiff Helm. Therefore, the new case numbers shall end in "SI." Plaintiff Chernetsky and plaintiff Idemoto are ORDERED to file new complaints in their severed cases **by 5:00 p.m. on Friday, August 19, 2011**. No further filing fee will be required.

The severed claims of the following plaintiffs are ordered TRANSFERRED to the federal district courts listed after the name of each plaintiff:

| | | |
|---|---|---|
| 1 | Robert A. Acevez | Northern District of Indiana |
| 2 | Frederick R. Aldrich | District of Massachusetts |
| 3 | Merlin Alexander | Southern District of Ohio |
| 4 | Elias Alvidrez | District of New Mexico |
| 5 | Steven A. Arnold | Southern District of Indiana |
| 6 | James A. Baasch | Eastern District of Washington |
| 7 | Robert Bowen | District of South Carolina |
| 8 | Michele Breindel | Southern District of Florida |
| 9 | Lawrence F. Camp | Northern District of Georgia |
| 10 | Debbie K. Chatman (Brandt) | Southern District of Texas |
| 11 | Corey W. Clary | Northern District of Texas |
| 12 | Johnny Coleman | District of Kansas |
| 13 | Diane Craig | Western District of North Carolina |
| 14 | James Crouch | Northern District of Mississippi |
| 15 | Jeffrey A. Diggs | District of Alaska |
| 16 | Kathryn Dildy | Northern District of Mississippi |
| 17 | Marc A. Dumont | Central District of California |
| 18 | James C. Durden | Southern District of Georgia |
| 19 | Stephen Escobar | Eastern District of California |
| 20 | John R. Ferguson | Western District of Washington |
| 21 | Darin D. Foran | District of Colorado |
| 22 | Strother Fulcher | Western District of Virginia |
| 23 | Kenneth Giacone | Northern District of Illinois |
| 24 | Elizabeth M. Grant | District of Nevada |
| 25 | Linda T. Hagerty | Southern District of Georgia |
| 26 | Rickie Hamilton | Western District of North Carolina |
| 27 | Larry Hammock | Eastern District of Tennessee |
| 28 | Douglas Hazen | Southern District of Indiana |

| | | |
|---|---|---|
| 1 | Bernard M. Hirrel | Central District of California |
| 2 | Mary Holden | Eastern District of Virginia |
| 3 | William Hudson, III | Southern District of Florida |
| 4 | Roger Hugo | Western District of New York |
| 5 | Johnny Johnson | Northern District of Mississippi |
| 6 | Julius E. Johnson | Northern District of Ohio |
| 7 | Robert Jones | District of Alaska |
| 8 | John Keath | District of Kansas |
| 9 | Wilton King | Middle District of Georgia |
| 10 | Eddie Kirkpatrick | Western District of Texas |
| 11 | Henry Klein | Southern District of Florida |
| 12 | Betty Knight | Western District of Oklahoma |
| 13 | Ronald Langley | Central District of California |
| 14 | Frank Lewis | Southern District of Alabama |
| 15 | Charles Lowther | Northern District of West Virginia |
| 16 | Sarah Malmi | Northern District of Illinois |
| 17 | Steven L. Martz | Northern District of Georgia |
| 18 | Eugenia C. Matthews | Eastern District of Texas |
| 19 | Paul D. Meizler | Western District of Missouri |
| 20 | Harold E. Metcalf | District of Oregon |
| 21 | Michael Naperalsky | Western District of Michigan |
| 22 | Sean J. Oberski | Eastern District of Michigan |
| 23 | Richard E. Petersen | Middle District of Georgia |
| 24 | Deborah Prise | Western District of Pennsylvania |
| 25 | Heather Rady | Western District of Pennsylvania |
| 26 | Melissa Ray | Northern District of Texas |
| 27 | Jack L. Reddick | District of Kansas |
| 28 | Stephanie Riggs | District of Oregon |

9

| | | |
|---|---|---|
| 1 | Dennis Robertson | Eastern District of North Carolina |
| 2 | Jeffrey Sachs | Northern District of Indiana |
| 3 | Richard E. Salhus | District of Minnesota |
| 4 | John Schabloski | Western District of Michigan |
| 5 | David Schnell | Eastern District of California |
| 6 | Warren L. Seiz | District of Arizona |
| 7 | Robert Shaw | Northern District of New York |
| 8 | William H. Shuff | Western District of Texas |
| 9 | Myra S. Sloan | Eastern District of Tennessee |
| 10 | Monecia Smith | Southern District of California |
| 11 | Jody P. Spiese | Central District of California |
| 12 | Mikal Stampke | District of Oregon |
| 13 | Francis Steinhoff | Central District of California |
| 14 | Joseph G. Tafoya, Jr. | District of Colorado |
| 15 | Stephen Takesian | District of Arizona |
| 16 | Jerry Tawney | Western District of Virginia |
| 17 | Tori Taylor | District of South Carolina |
| 18 | Sandy Thomas | District of Nevada |
| 19 | Steven Tiller | Eastern District of Tennessee |
| 20 | Philip R. Tillman | District of South Carolina |
| 21 | Florinda D. Trejo | Western District of Texas |
| 22 | Gayle Walker | Southern District of Ohio |
| 23 | Stacey Weinstein | Southern District of Florida |
| 24 | James Whaley | Western District of North Carolina |
| 25 | George T. White | Middle District of Florida |
| 26 | Chad Wickham | District of Kansas |
| 27 | David Wyatt | Western District of Virginia |
| 28 | | |

The clerk SHALL transmit a copy of the docket in this case to the above district courts for further proceedings, along with a copy of this order. No further filing fees are required. Each plaintiff should be prepared to file a new complaint in his or her case, as ordered by the transferee court.

**IT IS SO ORDERED.**

Dated: July 18, 2011

SUSAN ILLSTON
United States District Judge